UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-146-RJC

| | |
|---|---|
| LINDA MUTZIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, (Doc. No. 1), on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's "Motion for Stay of Execution," (Doc. No. 3).

I.     BACKGROUND

Pro se Plaintiff, a resident of Charlotte, North Carolina, filed this action on March 20, 2017, purportedly to challenge tenant eviction proceedings pending against her in North Carolina small claims court in Mecklenburg County, North Carolina. Plaintiff has named the following as Defendants: (1) the State of North Carolina; (2) Elisa Chinn-Gary, identified as the Clerk of small claims court in Mecklenburg County; (3) W. Robert Bell, identified as a superior court judge in Mecklenburg County; and (4) Thomas L. Avery, identified as a magistrate judge in Mecklenburg County. Plaintiff alleges the following:

> On March 4, 2017, I found a summons for summary ejectment lying on the ground near my front door. Since the manner of service was not performed in the manner stipulated by N.C.G.S. 1A-1 Rule 4—North Carolina General Assembly there has been no proper service and there is no proof otherwise. Additionally, the North Carolina State Constitution, Article 1, Section 5, states: Every citizen of this State owes paramount allegiance to the Constitution and government of the United

1

> States, and no low or ordinance of the State in contractive or subversions thereof can have any binding force." Therefore under FRCP Rule 4(e)(2)(A) and (B) I was not served properly.

(Id. at 4). As relief, Plaintiff seeks "actual damages caused by the stress I suffered due to Defendants' failure to obey the law in the amount of $1,000 and punitive damages in the amount of $3,000 for a total of $4,000." (Id.). Along with her Complaint, Plaintiff also filed a motion for stay of execution, in which she states that "[a] judgment was entered by the State of North Carolina District Court without proper service of process to Plaintiff. This is a violation of FRCP Rule 4 regarding proper service to a natural person." (Doc. No. 3 at 1). In the motion to stay, Plaintiff seeks an order from this Court "stay[ing] execution of the [state court] order until [the] Federal Court has reviewed the case." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, Secion 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court will dismiss this action for several reasons. First, because it is not the province of the federal courts to interfere with ongoing state proceedings, the Court will abstain from addressing Plaintiff's claims in this lawsuit as to the state court eviction proceedings against her.[1] See Younger v. Harris, 401 U.S. 37 (1971). Furthermore, to the extent that Plaintiff seeks an order from this Court reviewing an order by the state court in the state court eviction proceedings, this action is barred by the Rooker-Feldman doctrine, which bars federal courts from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). See also Curley v. Adams Creek Assocs., 409 Fed. App'x 678, 680 (4th Cir. 2011) (holding that Rooker-Feldman precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her).

Next, to the extent that Plaintiff is attempting to sue the individual court clerk, magistrate, or judge who presided over Plaintiff's state court action, these officials are entitled to absolute judicial (or quasi-judicial) immunity. See Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly,

---

[1] Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). All of the requirements are met for Younger abstention in this lawsuit.

and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted); Jackson v. Houck, 181 Fed. App'x 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)); Imbler, 424 U.S. at 431.

In sum, for the reasons stated herein, the Court will dismiss this action without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Motion for Stay of Execution, (Doc. No. 3), is **DENIED**.

3. This action is **DISMISSED** without prejudice.

Signed: May 2, 2017

Robert J. Conrad, Jr.
United States District Judge